[Civ. No. 3922.    Second Appellate District, Division Two.—March 15, 1924.]

## BARCLAY McCOWAN COMPANY (a Corporation), Appellant, v. W. C. STEELE et al., Respondents.

[1] CONTRACTS — BREACH — ACTION FOR DAMAGES — CONFLICTING EVIDENCE—FINDINGS—APPEAL.—In this action to recover damages for the alleged breach of an oral agreement by defendants to plow plaintiff's land, while there was evidence from which the trial court might have found that defendants' agreement was to plow the land to a depth of six inches, the evidence supported the finding that the agreement was to plow the land "to a depth sufficient for ordinary dry wheat farming, namely, approximately three or four inches in depth"; and such finding was conclusive on appeal.

(1) 4 C. J., p. 879, sec. 2853.

APPEAL from a judgment of the Superior Court of Kern County. Howard A. Peairs, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. T. Helms for Appellant.

Kaye & Siemon for Respondents.

FINLAYSON, P. J.—This is an action to recover damages for the alleged breach of an oral agreement by defendants to plow plaintiff's land. Plaintiff's demand is based upon the claim that defendants undertook to plow the land to a depth of six inches. Defendants contend that the agreement was to plow to a depth of approximately three to four inches. Whether the agreement was what plaintiff claims it was or whether defendants' version of it is the correct one is the crucial point in the case. The findings of fact were favorable to defendants; judgment was entered accordingly; plaintiff moved for a new trial, which was denied, and from that judgment for defendants plaintiff now appeals.

[1] The trial court found that defendants did not agree to plow to a depth of six inches but did agree to plow the

land "to a depth sufficient for ordinary dry wheat farming, namely, approximately three or four inches in depth." Appellant's first point is that the evidence is insufficient to support this finding. While a contrary finding, if it had been made, would have been sustained by this court, it cannot be held that there was not sufficient evidence to sustain the finding as made. The agreement was arrived at in the course of a conversation between the defendant Steele and Barclay McCowan, the president of the plaintiff corporation. McCowan, in whose office the conversation took place, testified: "I told Mr. Steele I wanted section 25, 30–29 plowed for summer-fallow, . . . and that I would pay him $2.00 an acre for plowing that land six inches deep. He said he would do it. He would plow the land six inches deep for $2.00 an acre, to be paid for when the job was finished." One Daniel Bidwell, who says he overheard the conversation, corroborated McCowan's version of it. Steele's account of the transaction is as follows: "I walked into Mr. McCowan's office. . . . I wasn't in there but a few minutes with him and I says, 'Well, Mr. McCowan, I came up here to see about the plowing that we was talking about some time ago.' He said, 'All right,' and he asked me what I would plow it for. I told him that I would plow it, give him good ordinary wheat plowing, for $2.00. That is just the words that was said. . . . Mr. McCowan says, 'Well,' he says, 'It ought to be plowed six inches,' and I never said a word more about it. Just before I got ready to go away I says, 'Well, I'll give you a good ordinary wheat plowing for $2.00.' Mr. McCowan says, 'Very well.' I says, 'I'll do the best I can for you.' That is just the words, the whole thing."

From the foregoing it will be seen that there was a conflict in the testimony as to what was said by the parties when entering into their oral agreement, and that the evidence supports the finding that the agreement was to plow to a depth of approximately three or four inches, unless, as appellant claims, Steele's testimony, when correctly interpreted, is in harmony with that given by McCowan and Bidwell. We are unable to give our assent to appellant's interpretation of Steele's testimony. There is evidence to warrant the conclusion that by the words "good ordinary wheat plowing," as used by the witness Steele, the parties under-

stood that the plowing was to be to a depth of approximately three to four inches. This explains why McCowan, when Steele said he would "give him good ordinary wheat plowing for $2.00," replied that it "ought" to be plowed six inches. That is, if we interpret Steele's testimony most favorably to respondents and in the light afforded by all the evidence, as we are required to do, it shows that Steele was willing to plow to a depth of three to four inches for two dollars an acre; that he so informed McCowan; that the latter thought that a depth of three to four inches was not sufficient—that he thought the ground ought to be plowed to a depth of six inches; and that finally, when Steele repeated his offer to do "good ordinary wheat plowing for $2.00," i. e., to plow to a depth of approximately three to four inches, McCowan replied, "Very well." The rule that the determination of issues of fact is primarily for the trial court, and that the findings of that court are to be overthrown on appeal only when they totally lack the support of substantial evidence, has been announced so often that it has become trite. In *Fowden* v. *Pacific Coast S. S. Co.*, 149 Cal. 162 [86 Pac. 182], it is said: "It is the firmly settled law of the state that this court will not disturb the ruling of the court below on a motion for a new trial upon the ground of insufficiency of the evidence, if there be a substantial conflict in the evidence, even though this court may, upon the record, consider the verdict clearly against the weight of the evidence." In cases of mere conflict of evidence the conclusion of the trial jury and judge, says the court in *Still* v. *San Francisco etc. Ry. Co.*, 154 Cal. 564 [129 Am. St. Rep. 177, 20 L. R. A. (N. S.) 322, 98 Pac. 674], "are conclusive on the question as to which side produced the 'preponderance of evidence.'"

In view of our conclusion that the evidence is sufficient to sustain the finding that the agreement was what respondents claim it to be, it will not be necessary to consider appellant's contention that the court erred in sustaining objections to certain questions. The sole purpose of the questions to which the objections were made was to show the amount of appellant's damage. But since respondents did not breach the agreement which the court found was the only one which was entered into, there can be no recovery. From this it necessarily follows that appellant could not pos-

sibly be prejudiced by the rulings of which it now complains.

The judgment is affirmed.

Works, J., and Craig, J., concurred.